IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PETER ANDERSON,

        Plaintiff,

v.                                       Civil Action No. 1:15cv176
                                         (Judge Keeley)

WV DIVISION OF CORRECTIONS;
OFFICER STERN/STERM
OFFICER BURNS; OFFICER RYDER;
POCAHONTAS MEMORIAL HOSPITAL,

        Defendants.

## REPORT AND RECOMMENDATION

### I. Introduction

On October 1, 2015, Peter Anderson, a West Virginia inmate then incarcerated at the Salem Correctional Center (SCC"), filed this Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. ECF No. 1. On October 2, 2015, the Plaintiff was granted leave to proceed without prepayment of fees. ECF No. 6. On October 19, 2015, the Plaintiff paid the required initial partial filing fee. ECF No. 9. On October 28, 2015, the Plaintiff sent a Notice of Change of Address, which appeared to be a private address. ECF No. 10. On October 30, 2015, the Clerk of Court received a letter from the trustee clerk at SCC indicating that the Plaintiff had been paroled to the State of Michigan. ECF No. 11. Accordingly, on November 4, 2015, the Plaintiff was ordered to file an updated Application to Proceed Without Prepayment of Fees and Affidavit. ECF No. 12. The Plaintiff complied on November 20, 2015 [ECF No. 14], and on August 10, 2016, he was granted leave to proceed without further payment of fees. ECF No. 15.

### II. The Complaint

1

The Plaintiff indicates that on May 24, 2014, while housed at the Denmar Correctional Center, he experienced severe chest pains. After medical staff determined that he needed hospital care, he was taken to the Pocahontas Memorial Hospital. He was transported to the hospital by an unknown officer, who was relieved some time between 6 and 8 PM by Stern. Thereafter, between 11:45 PM on the 23rd and 12:15 AM on the 24th, Stern received what the Plaintiff refers to as un-authorized visitors. He identifies them as Officer Ryder and Officer Burns. According to the Plaintiff, approximately 10 or 15 minutes later, Stern asked Ryder and Burns to watch him while he went on a smoke break. The Plaintiff further alleges that Stern then gave his side arm to Ryder and left the room. The Plaintiff maintains that Stern placed his life in danger of serious harm or death when he left him in a hospital room with two unauthorized individuals and handed over his firearm to a person that was not only unauthorized to be in the hospital room but was clearly unauthorized to possess a firearm in these particular circumstances.

With respect to Burns, the Plaintiff alleges that he also put his life in danger of serious harm or death because he knowingly and willingly participated in acts that were unbecoming of an officer/individual by entering what he knew to be a restricted area of the hospital with another unauthorized individual and conspiring to violate his constitutional and civil rights. More specifically, the plaintiff maintains that Burns did not report a fellow officer brandishing and threatening him with an unauthorized weapon. He further alleges that Burns conspired with others to violate his constitutional rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

With respect to Ryder, the Plaintiff again alleges that this Defendant knowingly and

willingly entered what he knew to be a restricted area of the hospital with another unauthorized individual and conspired with others to violate his constitutional and civil rights. More specifically, the Plaintiff alleges that Ryder pulled the gun from the pocket of his hooded sweatshirt, pointed the weapon directly at him and stated "Who Anderson he's cool aint that right Anderson." ECF No. 1 at 16.

With respect to the Pocahontas Memorial Hospital, the Plaintiff alleges that it put his life in danger of serious harm or death when its staff and security allowed unauthorized individuals to enter a restricted area without signing in, obtaining the necessary clearance to enter a restricted area and without showing any type of identification or authorized documentation. The Plaintiff maintains that these actions by the hospital caused his life to be threatened at gun point.

Finally, with respect the West Virginia Division of Corrections, the Plaintiff alleges that it failed to train its employees, and that lack of training put his life in danger of serious harm or death.

The Plaintiff also alleges that had been shot before and was aware of rumors of a racial environment along with discrimination and hatred of black inmates at DCC. Therefore, the Plaintiff maintains that he truly believed that the three individual defendants were going to kill him. The Plaintiff maintains that as a result of this incident, he suffers from a form of post traumatic stress disorder in that he has flashbacks of different scenarios that could have taken place. He also alleges that he has night terrors and nightmares that he is being shot and pursued by these people that leave him drenched in sweat.

For relief, the Plaintiff seeks a preliminary and permanent injunctions ordering the

Defendants not to allow any unauthorized person or persons to enter a hospital room containing a DOC inmate and to prevent anyone other that the authorized custody handler to hold or possess a firearm in the presence of the inmate. The Plaintiff also seeks an award of punitive, nominal and compensatory damages in the amount of $250,000 per Defendant, jointly and severally.

### III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be

dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

### V. Analysis

The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation upon all actions arising from incarceration, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Here, the Plaintiff is seeking monetary damages. However, he has failed to allege that he suffered from any physical injuries as the result of the events he describes in his complaint.

The Plaintiff is also making a claim for injunctive relief. To the extent that he seeks injunctive relief, 42 U.S.C. § 1997e(e) does not require a plaintiff to suffer physical injury before bringing a claim for injunctive relief. See Mitchell v. Horn, 318 F.3d 523, 533 (3rd Cir. 2003) (stating "§ 1997(e)(e) does not apply to claims seeking injunctive or declaratory relief"). However, less than one month after he filed this complaint, the Plaintiff was paroled and is now living in Michigan. Therefore, he is no longer subject to any possible threat from any

correctional officer in West Virginia, and in particular, to the possibility of being threatened with physical harm or death. Accordingly, his claim for injunctive relief is moot. See <u>Inmates v. Owens</u>, 561 F.2d 560, 562 (4th Cir. 1977); <u>Brooks v. Ward</u>, 97 F.R.D. 529, 531 (W.D.N.C. 1983).

### **VI. Recommendation**

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e) because he has no chance of success at receiving the relief requested.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 12, 2016

*/s/ Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE
