IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PETER ANDERSON,**

    **Plaintiff,**

v.                                CIVIL ACTION NO.: 1:15CV176

**WV DIVISION OF CORRECTIONS;**
**OFFICER STERN/STERM;**
**OFFICER BURNS; OFFICER RYDER;**
**POCAHONTAS MEMORIAL HOSPITAL,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17]

On February 1, 2015, the pro se plaintiff, Peter Anderson ("Anderson"), an inmate then incarcerated at the Salem Correctional Center ("SCC"), filed a complaint pursuant to 42 U.S.C. § 1983 against the defendants, alleging that they had placed his life in danger of serious harm or death causing him emotional distress in violation of his Fifth, Eighth, and Fourteenth Amendment Rights (Dkt. No. 1).

The Court referred this matter to United States Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. On September 12, 2016, Magistrate Judge Aloi issued his R&R (dkt. no. 17), in which he recommended that the Court dismiss with prejudice Anderson's complaint under 28 U.S.C. § 1915(e) "because he has no chance of success at receiving the relief requested." Id. at 6. The R&R based this conclusion on two reasons. First, Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional

distress. Id. at 5. Here, Anderson is seeking monetary damages, however, he has failed to allege that he suffered any physical injuries as the result of the events contained in his complaint. Id. Second, Anderson is now paroled living in Michigan. Because of this fact, he is no longer subject to any possible threat from any correctional officer in West Virginia, and more specifically, to the possibility of being threatened with physical harm or death. Id. at 5-6. Accordingly, his claim for injunctive relief is moot. Id.

The R&R also specifically warned Anderson that his failure to object to the recommendation within fourteen (14) days would result in the waiver of any appellate rights he might otherwise have on this issue. Id. Plaintiff did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 17), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: May 31, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE